UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA HALL, | ) | CIVIL NO. 3:23-CV-842 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| ELIZABETH A. ROYERS *et al.*, | ) | |
| Defendants | ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

On May 22, 2023, Joshua Hall ("Plaintiff") initiated this negligence action against Defendants Elizabeth Royers and Delaware Valley Floral Group, Inc., in response to a motor vehicle collision that occurred on August 25, 2020. (Doc. 1). On June 30, 2023, Plaintiff filed an amended complaint. (Doc. 10). On October 11, 2023, the parties consented to proceed before the undersigned. Defendants have filed a Motion to Dismiss, (Doc. 13), and Plaintiff has filed a Motion for Summary Judgment, (Doc. 21). After reviewing the Motions and the parties' briefs, Plaintiff's Motion for Summary Judgment will be deemed withdrawn and Defendants' Motion to Dismiss will be granted.

**II.   LEGAL STANDARD FOR A MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to seek dismissal for failure to state a claim upon which relief can be granted. "The

defendant bears the burden of showing that no claim has been presented."[1] To assess the sufficiency of a complaint when dismissal is sought under Rule 12(b)(6), a court should: (1) take note of the elements a plaintiff must plead to state a claim; (2) identify mere conclusions which are not entitled to the assumption of truth; and (3) determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of a legal claim.[2]

In order for his or her allegations to be taken as true, a plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[3] To state a claim, a plaintiff must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]."[4] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[5] Thus, courts "need not credit a claimant's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."[6] The court also need not assume

---

[1] *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005).
[2] *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).
[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[4] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556 (internal quotation marks omitted)).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[6] *Morse v. Lower Marion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1429-30).

that a plaintiff can prove facts that he or she has not alleged.[7] "To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible."[8]

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff.[10] This "presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'"[11] The plausibility determination is context-specific and does not impose a heightened pleading requirement.[12]

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal

---

[7] *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

[8] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 1949).

[9] *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010).

[10] *Jordan v. Fox Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

[11] *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted) (alternations in original).

[12] *Id.* at 347.

pleadings drafted by lawyers.'"[13] Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim."[14]

In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.[15]

With this legal standard in mind we now turn to the background and procedural history of this case.

### III. BACKGROUND & PROCEDURAL HISTORY

This case began on May 22, 2023 when Plaintiff filed a complaint.[16] (Doc. 1). In the original complaint, Plaintiff brought a negligence claim against three Defendants, including the Avoca Police Department. *Id*. On May 31, 2023, the Court *sua sponte* raised the issue of subject matter jurisdiction, finding that with no federal

---

[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[14] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

[15] *Mayer*, 605 F.3d at 230.

[16] This is not the first lawsuit Plaintiff has brought regarding this motor vehicle collision. On August 25, 2022, Plaintiff filed suit in the Court of Common Pleas of Luzerne County. *Joshua Hall v. The Hartford Commercial Auto Center*, Case No. 2022-07431. The defendant insurance company in that case then removed the case to this Court based on diversity jurisdiction. *Hall v. The Hartford Fire Insurance Company*, No. 3:23-CV-0184 (M.D. Pa. February 2, 2023). Plaintiff amended his complaint and, *inter alia*, added as a defendant the Avoca Police Department, destroying diversity jurisdiction. *Id*. at ECF No. 9. The case was then remanded back to the Court of Common Pleas of Luzerne County on April 18, 2023. *Id*. at ECF No. 16.

question or diversity, it lacked subject matter jurisdiction over this case. (Doc. 5). The Court granted Plaintiff leave to amend his complaint to cure this deficiency. *Id*.

On June 30, 2023, Plaintiff filed an amended complaint naming as Defendants only Elizabeth A. Royers and "DVFGINC."[17] (Doc. 10). This amended complaint is the operative pleading. Plaintiff's amended complaint is written on a form complaint titled "Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship)." (Doc. 10, p. 1). In his amended complaint Plaintiff alleges that on August 25, 2020, at "81 avoca [sic] PA Pittson 18641," Defendant Royers failed to apply her brakes and ran a yield sign because she was distracted, resulting in her crashing into Plaintiff's vehicle. (Doc. 10, p. 4). Plaintiff alleges that at the time of the collision Defendant Royers was driving a commercial vehicle, breeched a duty she owed to Plaintiff and did not exercise proper care while driving. *Id*. Plaintiff also notes that the Avoca Police Department was at the scene but did not issue a summons to Defendant Royers for her actions. *Id*. To his amended complaint Plaintiff attaches what appears to be a printout detailing a traffic citation for disregarding a traffic lane that Defendant Royers pleaded guilty to in 2010. (Doc. 10, p. 6).

As relief Plaintiff seeks $5,000,000.00 in monetary damages for "economic medical bill future medical bill lost wages future wages punitive damages pain and

---

[17] Based on his original complaint, the Court understands "DVFGINC" to refer to Delaware Valley Flower Group, Inc.

suffering, loss of consumption, mental anguish, loss of enjoyment of life." (Doc. 1, p. 4) (errors in original).

On August 1, 2023, Defendants filed a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 13). On August 4, 2023 Defendants filed a Brief in Support to that Motion. (Doc. 17). After Plaintiff's time to respond under the rules had passed, on August 30, 2023, the Court issued its first Briefing Order instructing Plaintiff to file a brief in opposition to Defendants' Motion. (Doc. 19). On September 5, 2023, Plaintiff filed twenty-four (24) pages entitled "Exhibits" with no recognizable format. (Doc. 20). Some of the paragraphs in the document appear to be related to a negligent driving case, but beyond that the Court could not and cannot determine the purpose of the filing. *Id*. On September 8, 2023, the Court issued an Order that included a reminder to Plaintiff that he had not met his briefing obligations on the Motion to Dismiss and reiterated its due date. (Doc. 22). On September 29, 2023, when Plaintiff still had not filed a brief in opposition, the Court issued a second Briefing Order instructing Plaintiff to file a brief in opposition. (Doc. 25). On October 20, 2023, Plaintiff filed a Brief in Opposition. (Doc. 27). On October 27, 2023, Defendants filed a Reply Brief. (Doc. 32).

On September 7, 2023, Plaintiff filed what the Court interpreted as a Motion for Summary Judgment. (Doc. 21). On September 8, 2023, the Court issued a

Briefing Order instructing Plaintiff to file a brief in support of his Motion for Summary Judgment and statement of material facts. (Doc. 22).

On September 19, 2023, Plaintiff filed what the Court interpreted as Exhibits regarding his Motion for Summary Judgment. (Doc. 23, 23-1, 23-2, 23-3).[18] It is unclear what role Plaintiff intended for these Exhibits to play in relation to his Motion for Summary Judgment. On September 28, 2023, Plaintiff filed a fifteen (15) page document entitled "Discovery in Aid of Execution." (Doc. 24). The purpose or intent of this document was and is unclear. The document included a copy of Pennsylvania's Insolvency Act, (Doc. 24-1, pp. 1-14), and a copy of Pennsylvania State Court Rule 3117, dealing with discovery in aid of execution, (Doc. 24, p. 1). On September 29, 2023, the Court struck this document from the record, instructing Plaintiff to file a brief in support of his Motion and statement of material facts. (Doc. 25). In that Order, Plaintiff was told that failure to file a brief in support of his Motion and a statement of material facts would result in his Motion for Summary Judgment being deemed withdrawn. (Doc. 25, p. 4). Plaintiff has not filed a brief in support of

---

[18] The Exhibits included a flash drive containing only a 'WordPad' document containing a link to YouTube that appears to show the location of the crash, (Doc. 23), a page of citations to two cases and what appears to be a legal article, (Doc. 23-1), a page of text regarding account of profits, (Doc. 23-2), and a page stating "Question ON Face of Plaintiff for legal counsel defense Team is We're Was Ever Lawyer Working On Case (3:23-CV-000842)The Morning OF The Crash An How We're They Effected Blessings (SAYSWP)," (Doc. 23-3) (errors in original).

his Motion or a statement of material facts. On November 7, 2023, Defendants filed a Brief in Opposition to Plaintiff's Motion for Summary Judgment. (Doc. 38).

On October 20, 2023, Plaintiff filed a second amended complaint. (Doc. 28). On October 26, 2023, Defendants filed a Motion to Strike the second amended complaint and a Brief in Support. (Docs. 29, 30). On November 6, 2023, Plaintiff filed a Brief in Response to the Motion to Strike concurring that the second amended complaint should be stricken from the record. (Doc. 36).[19] The Court granted Defendants' Motion to Strike the second amended complaint and it was so stricken from the record. (Doc. 37).

On November 9, 2023, Plaintiff filed a document entitled "Motion for Judgment As Matter of Law." (Doc. 39). This purported "Motion" appears to simply be photocopies of pages from "Torts in the Conflict of Laws" regarding "Maritime Torts" and a copy of the Court's October 27, 2023 Briefing Order, (Doc. 33),

---

[19] This Brief in Response was also titled "Also in support of motion Ameritime and Maritime LAW in support." (Doc. 36, p. 1) (errors in original). Plaintiff asks the Court to "consider" this case under maritime law because the crash happened on a highway by a "Vessel carrying commerce." *Id*. Attached are a copy of "§ 221.67 Stipulation procedure," a Congressional Research Service Legal Sidebar on Federal Admiralty and Maritime Jurisdiction on Torts and a PBI "yellow book" titled "An Overview of Maritime Law." (Doc. 36-1). As a document cannot be both a brief and a motion, the Court does not construe Plaintiff's Brief in Response as any sort of motion. Even if this were construed as a Motion requesting the Court to "consider" this case under maritime law, the Court would deny that Motion and decline to do so as the collision at issue was between two cars on a highway and is unrelated to the sea or ships.

instructing Plaintiff to file a brief in opposition to Defendants' Motion to Strike, (Doc. 39). While this document is entitled "Motion for Judgment As Matter of Law," the Court cannot construe it as a Motion. Plaintiff does not move for anything in this document and asks nothing of the Court. This document does not even begin to comply with this Court's Local Rules on the form and substance of motions.[20] At best it appears this document may be intended by Plaintiff to support his request that the Court "consider" this case under maritime law. (Doc. 36, p. 1).

With this background and procedural history in mind we now turn to our analysis of these facts.

## IV.     ANALYSIS

Beginning with Plaintiff's Motion for Summary Judgement, (Doc. 21), this Court's Local Rule 7.5 provides:

> Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. If the motion seeks a protective order, a supporting brief shall be filed with the motion. If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn. A brief shall not be required: (a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel.

---

[20] *See* Local Rules 7.1, 7.8.

Plaintiff was advised of his obligations under Local Rule 7.5 and of the consequences of his failure to comply with Local Rule 7.5 in the Court's Standing Practice Order in *Pro Se* Plaintiff cases. (Doc. 4). Further, after the filing of his Motion for Summary Judgement, the Court issued two Briefing Orders instructing Plaintiff to file the required brief in support and statement of material facts.[21] (Doc. 22, 25). In the second Briefing Order, Plaintiff was explicitly told that failure to file a brief in support of his Motion and a statement of material facts would result in his Motion for Summary Judgment being withdrawn. (Doc. 25, p. 4). Plaintiff has not filed a brief in support of his Motion or a statement of material facts. Therefore, Plaintiff's Motion for Summary Judgment with be deemed withdrawn.[22]

Turning to Defendants' Motion to Dismiss, (Doc. 13), Defendants assert that Plaintiff's claims should be dismissed as untimely under the Pennsylvania statute of limitations governing negligence actions. (Doc. 17, pp. 4-5). Plaintiff does not respond directly to this argument, instead asserting that he does not see a reason to dismiss his claims because Defendants do not have any evidence that a crash did not

---

[21] *See* Local Rule 7.5, 56.1.
[22] To the extent one of the other miscellaneous documents Plaintiff filed were intended to be a brief in support or statement of material facts and so his Motion should not be deemed withdrawn, that Motion would be rendered moot by the dismissal of this case with prejudice as explained further below.

occur due to Defendant Royers' negligence. (Doc. 27, p. 1). The Court agrees with Defendants that this action is untimely under the applicable statute of limitations.

In a diversity action such as this one, "a federal court must apply the substantive laws of its forum state . . . includ[ing] state statutes of limitations."[23] Pennsylvania law establishes a two-year statute of limitations on negligence actions.[24] In Pennsylvania this statute of limitations accrues when a plaintiff knows of or should have known of their injury.[25] Filing an earlier state court action will not toll the statute of limitations for a later federal action that concerns the same state court claims.[26]

Regarding the propriety of asserting a statute of limitations defense in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Third Circuit has observed that,

> Generally, a statute of limitations defense cannot be raised under Rule 12 because it is not one of the enumerated defenses 'a party may assert ... by motion' under the rule. Fed. R. Civ. P. 12(b). But in our Circuit, we permit such a motion pursuant to Rule 12(b)(6) 'if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.' *Fried v. JP Morgan Chase*

---

[23] *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007).
[24] 42 Pa. C.S. § 5524(7).
[25] *Palmore v. Clarion Univ. of Pennsylvania*, No. 23-1045, 2023 WL 5607557, at *4 (3d Cir. Aug. 30, 2023) (nonprecedential) (citing 42 Pa. C.S.A. § 5524).
[26] *Dimick v. Dep't of the Army*, 982 F. Supp. 323, 326 (M.D. Pa. 1997).

*Co.*, 850 F.3d 590, 604 (3d Cir. 2017) (quoting *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).[27]

In this case, Plaintiff writes in the statement of his claims that the date the motor vehicle collision at issue occurred was August 25, 2020.[28] (Doc. 10, p. 4). Taking this as true as the Court must do in analyzing a motion to dismiss, Plaintiff's statement of his claims clearly demonstrates that he has not brought this action within the statute of limitations.[29] Plaintiff knew or should have known of his injuries on the date of the crash. Thus, Plaintiff would have needed to bring the claims he asserts in this case on or before August 25, 2022 to be within the statute of limitations. Plaintiff filed the original complaint in this case on May 22, 2023, well after the statute of limitations ran on August 25, 2022. (Doc. 1). Granting Plaintiff leave to amend his complaint a second time would be futile as amendment would

---

[27] *PG Publishing, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 318 n.13 (3d Cir. 2021).

[28] In both the original and amended complaints, Plaintiff alleges that the collision occurred on August 25, 2020. (Docs. 1, 10). In both their Brief in Support and Reply Brief to their Motion to Dismiss Defendants state that "this matter arises from a motor vehicle accident that occurred on May 25, 2020." (Doc. 17, p. 1; Doc. 32, p. 2). However, later in their Brief in Support Defendants talk about "the August 25, 2020 accident," including in the section supporting their argument this case should be dismissed as untimely. (Doc. 17, pp. 2, 4). Given that we must take all allegations in the complaint as true, we will proceed using Plaintiff's assertion that the collision took place on August 25, 2020. As August comes after May, even if the collision did occur on May 25, 2020, Plaintiff's claims would still necessarily be untimely.

[29] *P.G. Publishing, Inc.*, 19 F.4th at 308.

not cure the untimeliness of Plaintiff's claims.[30] Therefore, Defendants' Motion to Dismiss, (Doc. 13), will be granted and this case will be dismissed with prejudice.[31]

## V. CONCLUSION

Accordingly, it will be ORDERED that:

(1) Plaintiff's Motion for Summary Judgment (Doc. 21) will be deemed WITHDRAWN.

(2) Defendants' Motion to Dismiss (Doc. 13) will be GRANTED and this case will be DISMISSED WITH PREJUDICE.

(3) The Clerk of Court will be instructed to mark this case as CLOSED.

An appropriate Order will issue.

Date: November 17, 2023

BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge

---

[30] *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).
[31] *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (upholding dismissal with prejudice of claims that were time-barred).